No. 24-369

_____

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

_____

VIKRAM VALAME,

*Plaintiff-Appellant,*

v.

JOSEPH R. BIDEN, et al.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California
No. 5:23-cv-03018-NC
Hon. Nathanael Cousins

_____

**MOTION FOR SUMMARY VACATION**

_____

Vikram Valame
*Pro Se*
4039 2nd Street, Palo Alto, California
(208) 994-3067
vik.valame@gmail.com

*Appellant*

# TABLE OF CONTENTS

MOTION ................................................................................................1

GROUNDS FOR RELIEF ......................................................................1

CONCLUSION ......................................................................................5

## MOTION

Appellant Vikram Valame hereby moves the Court for summary vacatur, under Ninth Circuit Rule 3-6(a), of the district court order dismissing his Equal Rights Amendment claims.

## GROUNDS FOR RELIEF

President Biden recently declared that "the Equal Rights Amendment has cleared all necessary hurdles to be formally added to the Constitution."[1] As a result, "the 28th Amendment is the law of the land, guaranteeing all Americans equal rights and protections under the law regardless of their sex." *Ibid*. President Biden explicitly invoked his "oath and duty to Constitution" in support of his declaration. *Ibid*.

This court can take judicial notice of President Biden's proclamation as a matter of public record. *Dennis v. United States*, 339 U.S. 162, 169 (1950). Courts have cited authoritative statements by Presidents as indicators of national policy, even when the President is not a party to a particular case. *Zivotofsky v. Kerry*, 135 S. Ct. 2076, 2081 (2014) (citing "Remarks by President Obama in Address to the United

---

[1] *Statement from President Joe Biden on the Equal Rights Amendment,* Jan. 17th, 2025, accessible at https://perma.cc/4MCY-ZKKD. (Exhibit B).

1

Nations Gen. Assembly"). Although the Department of Justice in this case previously took the position that the ERA was unenforceable, the President's views override contrary actions by agencies which "exercise executive power that ultimately flows from the President." *Ali v. Barr*, 951 F.3d 275, 282 n.3 (5th Cir. 2020).[2]

The force of President Biden's declaration is reinforced by his status as a named defendant speaking in his official capacity. When a party to a case confesses error, their "considered judgment" is —at a minimum— "entitled to great weight." *Young v. United States*, 315 U.S. 257, 258 (1942).[3] This court has gone further and treated authoritative Executive Branch concessions as dispositive in a variety of cases, including cases establishing constitutional precedents. *See United States v. Arnett*, 353 F.3d 765, 766 (9th Cir. 2003) (en banc) (summarily overruling *Pena-*

---

[2] The government has not indicated its position on this motion.

[3] Although President Biden did not make his judgment specifically for this case, Executive Branch reinterpretations justify vacatur even when they are generally applicable. *See Schmidt v. Espy*, 513 U.S. 801 (1994) (mem.) (summary vacatur in light of administrative reinterpretation by agency that had prevailed below); *see also Long Island Care at Home, Ltd. v. Coke*, 546 U.S. 1147 (2006) (mem.) (summary vacatur based on new Department of Labor advisory); *Slekis v. Thomas*, 525 U.S. 1098 (1999) (mem.) (summary vacatur based on new Health Care Financing Administration guidance).

*Cabanillas v. United States,* 394 F.2d 785, 787-88 (9th Cir. 1968) after the government disclaimed use of collateral estoppel in criminal cases); *see also United States v. Mavromatis*, 769 F.3d 1194 (9th Cir. 2014) (accepting concession that separate prosecutions under subsections of 18 U.S.C. § 922(g) violated the Double Jeopardy Clause). While this court has disregarded Executive Branch concessions before, it has done so only under exceptional circumstances. *See United States v. Miller,* 822 F.2d 828, 832 (9th Cir. 1987) (refusing government's conditional "concession"); *United States v. Arpaio*, 906 F.3d 800 (9th Cir. 2018) (appointing special prosecutor for a criminal contempt case to vindicate judicial power). There is no overriding interest which would justify disregarding the President's judgment in this sex-discrimination suit.

The unique circumstances of this case make it particularly deserving of summary vacatur. Firstly, because every defendant is a member of the federal Executive Branch, there is no risk that a nonprecedential summary disposition will "interfere with the administration of state law," prejudice other litigants, or lead to a tactical advantage for the government in other litigation. *U.S. v. Martinez*, 357 F. App'x 100, (9th Cir. 2009) (unpublished); *Hicks v. United States*, 137

3

S. Ct. 2000 (2017) (Gorsuch, J., Concurring) (listing factors that would counsel against summary disposition).

Secondly, the Selective Service System is a uniquely federal program where a concession by the Executive Branch should carry its greatest weight. Giving effect to the ERA here would both further the Commander-in-Chief's determination that "that no one should be discriminated against based on their sex" and uphold appellant's individual rights. *Statement from President Joe Biden on the Equal Rights Amendment*, supra at 1.

Thirdly, the Supreme Court has blessed vacatur when there exists "a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity." *Lawrence v. Chater*, 516 U.S. 163, 167 (1996). That standard is easily met here. The district court gave great weight to the Archivist's refusal to certify the validity of the 28th Amendment when it dismissed this suit. Exhibit A at 5. However, the Archivist is an Executive Branch official, and the President's determination that the ERA is valid controls any prior contrary determination by the Archivist.

> "[I]t is wholly inconsistent with Article II to contemplate the Archivist, an appointee of the

4

> President, independently determining whether the President's claim is meritorious. The Archivist would instead be obliged to honor the claim of his constitutional superior."

*Public Citizen v. Burke*, 843 F.2d 1473, 1478 (D.C. Cir. 1988); *see also Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183, 2191 (2020) ("[T]he 'executive Power'—all of it—is 'vested in a President'"). This constitutional obligation would likely alter the district court's evaluation of the case, even if President Biden's proclamation was not given conclusive weight.

Finally, if this court harbors any doubts about the circumstances of President Biden's statement and its effect on that case, it could order a remand for the district court to evaluate that threshold question. This court took a similar course in *U.S. v. Elmore*, No. 08-35256, 5 (9th Cir. 2011) (unpublished) when it remanded a case to the district court to determine if relief was warranted considering the specific factual concessions made by the government.

## CONCLUSION

The judgment of the district court on claims arising under the 28th Amendment should be vacated, and the case remanded for further

proceedings in light of President Biden's affirmation of the 28[4] Amendment's validity.[4]

Date: January 17, 2025

> Vikram Valame
> */s/ Vikram Valame*
> Pro Se

---

[4] This Court may resolve the entire appeal by simultaneously disposing of the Fifth Amendment claims controlled by *Rostker v. Goldberg*, 453 U.S. 57 (1981).

6

# EXHIBIT A

JANUARY 17, 2025

# Statement from President Joe Biden on the Equal Rights Amendment

I have supported the Equal Rights Amendment for more than 50 years, and I have long been clear that no one should be discriminated against based on their sex. We, as a nation, must affirm and protect women's full equality once and for all.

On January 27, 2020, the Commonwealth of Virginia became the 38th state to ratify the Equal Rights Amendment. The American Bar Association (ABA) has recognized that the Equal Rights Amendment has cleared all necessary hurdles to be formally added to the Constitution as the 28th Amendment. I agree with the ABA and with leading legal constitutional scholars that the Equal Rights Amendment has become part of our Constitution.

It is long past time to recognize the will of the American people. In keeping with my oath and duty to Constitution and country, I affirm what I believe and what three-fourths of the states have ratified: the 28th Amendment is the law of the land, guaranteeing all Americans equal rights and protections under the law regardless of their sex.

###

# EXHIBIT B

1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8        NORTHERN DISTRICT OF CALIFORNIA
9
10   VIKRAM VALAME,
11            Plaintiff,                     Case No. 23-cv-03018-NC
12        v.                                 **ORDER GRANTING**
                                             **DEFENDANTS' MOTION TO**
13   JOSEPH ROBINETTE BIDEN, et al.,         **DISMISS; DENYING PLAINTIFF'S**
                                             **MOTION FOR TEMPORARY**
14            Defendants.                    **RESTRAINING ORDER**
15                                           Re: ECF 30, 38, 39, 57
16        Plaintiff Vikram Valame alleges the government's military draft registration

17   requirements discriminate against him on the basis of sex.  At the core of his argument,

18   Valame contends the States ratified the Equal Rights Amendment ("ERA") as the 28th

19   Amendment to the Constitution.  Defendants counter there is no 28th Amendment and

20   Valame cannot state a claim for relief.  Finding no 28th Amendment at the end of the

21   Constitution, this Court agrees with Defendants.  Accordingly, this Court finds Valame

22   cannot state a claim for relief and DISMISSES his claims with prejudice.  This Court

23   DENIES Valame's motion for a temporary restraining order on the same grounds.

24   **I.      BACKGROUND**

25        **A.    Military Selective Service Act**

26        Valame challenges the registration provisions of the Military Selective Service Act,

27   50 U.S.C. §§ 3801–3820 ("MSSA").  Generally, the MSSA requires male citizens and residents of

28   the United States between the ages of 18 and 26 to register with the Selective Service System

*United States District Court*
*Northern District of California*

("SSS"). 50 U.S.C. §§ 3802(a), 3809. Those who fail to register may face penalties or denial of federal benefits. *See* §§ 3811(a), 3811(f). Women are not required to register. *See* 50 U.S.C. § 3802(a). Registrants must keep SSS informed of their current address. *See* 32 C.F.R. § 1621.1(a).

**B.    Factual History**

Valame is an 18-year-old male. ECF 51 ("FAC") ¶ 1. He is a US citizen residing within this District. *Id.* Under the MSSA, Valame is required to register with the SSS. *See id.*; 50 U.S.C. §§ 3802(a), 3809. Valame "has knowingly and willfully refused to register for the draft, despite his obligation to do so." FAC. ¶ 23.

Generally, Valame "does not wish to spend time, postage money, cellular data, or other limited resources registering for the military draft." *Id.* ¶ 20. Nor will Valame "obey the [change in address] notification requirement." *Id.* ¶ 25. According to Valame, this notification requirement harms him because it "requires the expenditure of time and money to pay for communications to the SSS." *Id.* ¶ 25.

Valame also states he "suffers serious stigmatic injury from the implicit view that he is expendable and required to defend his county on an unequal basis with his fellow citizens." *Id.* ¶ 39. Overall, Valame claims the MSSA requirements cause him to "suffer[] frustration and significant anxiety about his role in society." *Id.* ¶ 25.

Valame claims to experience further harm "because these provisions deny him job opportunities provided by the federal government." *Id.* ¶ 40 (cleaned up). These harms form the basis of his motion for a temporary restraining order. *See* ECF 75 ("TRO"). Valame states he applied for a summer internship with the Nuclear Regulatory Commission. TRO at 2. According to Valame, the NRC tentatively selected him for an internship, before informing him it would revoke his offer if he did not register with the SSS. TRO at 2. Valame asks this Court to restrain Defendants from "taking adverse employment action against" him. TRO at 8.

**C.    Procedural History**

Valame filed his complaint *pro se* on June 20, 2023. ECF 1. He followed with a motion for summary judgment on September 15, 2023. ECF 30. Defendants countered on

2

1    September 29, 2023, with an opposition to Valame's motion and cross motion to dismiss.

2    ECF 38.  Valame filed his own opposition on October 13, 2023.  ECF 39.

3         After a hearing on the parties' cross motions, Valame filed an amended complaint

4    on December 19, 2023.  *See* FAC.  Valame brings five claims against Defendants: three for

5    declaratory relief under the Administrative Procedures Act; a *Bivens* claim; and a

6    California Bane Act claim.  *See id.* at ¶¶ 52–81.  Each claim relies on Valame's

7    "constitutional rights under the 28th Amendment."  *See id.* at ¶¶ 54, 58, 66, 75, 80.

8    Valame realleges these same claims with reference to the 5th Amendment, though he

9    concedes those "claims are foreclosed by binding precedent."[1]  *Id.* ¶ 82–83.

10        Per this Court's request, the parties also filed supplemental briefing on the issue of

11   standing.[2]  ECF 52, 54.  Defendants "incorporate[d] all of the arguments for dismissal

12   contained in their motion to dismiss" into their supplemental brief.  *See* ECF 54 at 1 n.1.

13   This Court finds Defendants' incorporated arguments sufficiently address Valame's FAC

14   without need for further briefing.

15        Before this Court issued a ruling, Valame moved for a temporary restraining order.

16   *See* TRO.

17        Both parties have consented to magistrate judge jurisdiction.  ECF 3, 25.

18   **II.    LEGAL STANDARD**

19        A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

20   sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To

21   survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

22   true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.

23   662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When

24   reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the

25   complaint and draw all reasonable inferences in favor of the non-moving party."  *Retail*

26

27   [1] This Court agrees and DISMISSES with prejudice Valame's claims referencing the 5th Amendment.

28   [2] Though this Court thanks the parties for their thoughtful briefing on the issue of standing, it decides this matter on other grounds and does not reach that issue.

United States District Court
Northern District of California

1    *Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir.

2    2014). A court, however, need not accept as true "allegations that are merely conclusory,

3    unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs.*

4    *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A facially plausible claim "allows the court to

5    draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

6          If a court grants a motion to dismiss, leave to amend should be granted unless the

7    pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203

8    F.3d 1122, 1127 (9th Cir. 2000).

9    **III.   DISCUSSION**

10         Valame's claims depend on the existence of a 28th Amendment. This Court finds

11   no such amendment in the Constitution. Defendants convincingly cite to persuasive

12   authority supporting this finding. On the other hand, Valame has not provided any court

13   authority indicating otherwise. Accordingly, this Court DISMISSES Valame's claims.

14   Because it relies on the same failed legal theory, this Court also DENIES his TRO.

15        **A.    History of the ERA**

16         Though not necessary to our analysis, this Court quotes a brief history of the ERA:

> The Equal Rights Amendment [] was introduced in Congress [in
> 1923]. . . . [B]ut it took until 1970 for the proposal to make it to
> the House Floor. By a vote of 352 to 15, the body proposed its
> ratification as the [then] Twenty-seventh Amendment to the
> United States Constitution. *Illinois v. Ferriero*, 60 F.4th 704,
> 711–12 (D.C. Cir. 2023). The Senate, however, did not take it
> up and it lapsed. Two years later, both chambers passed the
> resolution proposing the Amendment for ratification and
> submitted it to the 50 states. Contained within the resolution,
> although not the text of the ERA, was a seven-year deadline
> within which three-quarters of the states, 38 of them, were
> required to vote affirmatively for the Amendment to be ratified.
> *Id.* at 712.
>        As of 1982 only 35 states had voted to ratify, even though
> the deadline had been extended by three years. For the next 30
> years, the ERA was presumably considered dead, but in 2018,
> Nevada ratified it, followed quickly by Illinois and Virginia. *Id.*
> at 713. Since then, a battle to accord vitality and validity to the
> ERA has been fought . . . .

27   *Elizabeth Cady Stanton Tr. v. Neronha*, No. 22-cv-00245-MSM, 2023 WL 6387874, at *1

28   (D.R.I. Sept. 8, 2023) (footnotes omitted).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B. Valame Cannot State a Claim Under a Non-Existent Amendment.

Valame argues a 28th Amendment protects him against discrimination on the basis of sex. *See* FAC ¶ 12. The Constitution does not agree. Nor does persuasive authority. *See, e.g.*, *Ferriero*, 60 F.4th at 719.

### 1. The Constitution Does Not Include a 28th Amendment.

As an initial matter, no 28th Amendment appears in the Constitution. *See generally* Constitution. Valame does not cite to any court authority finding otherwise. *See generally* ECF 30, 39. "The United States Constitution provides a pathway for adding new Amendments, and Congress has determined that the last step on that path is certification and publication by the National Archivist." *Elizabeth Cady Stanton Tr.*, 2023 WL 6387874, at *7. The Archivist has not taken those necessary steps. *See Ferriero*, 60 F.4th at 713 (recounting how "the Archivist refused to certify and publish the amendment"). This Court finds the 28th Amendment's lack of publication convincing evidence it does not now exist. *See id.*; *see also* Constitution (concluding at 27th Amendment).

Beyond the 28 Amendment's current state of nonbeing, the *Ferriero* court took up the question of whether the Archivist owed a duty to bring it to life. *Ferriero*, 60 F.4th 704. The court walked through the ERA's storied history, *id*. at 711–13, and the certification requirements imposed on the Archivist, *id*. at 713–19. At bottom, the court concluded the Archivist did not have a duty to certify and publish the ERA. *Id*. at 719. This Court finds *Ferriero* persuasive. Thus, not only does the Amendment granting Valame his purported rights not exist, but the Government is also under no duty at this time to bring it into existence. *See id*.

Ultimately, either the 28th Amendment simply does not exist. *See Taylor v. El Centro Coll.*, No. 3:21-CV-0999-D, 2022 WL 102611, at *8 (N.D. Tex. Jan. 10, 2022) ("Taylor's claim under the Equal Rights Amendment fails because there is no such amendment to the United States Constitution."); *Ferguson v. Idaho Dep't of Correction*, No. 4:20-CV-00003-DCN, 2020 WL 1016447, at *1 n.1 (D. Idaho Mar. 2, 2020) ("The Equal Rights Amendment was not ratified and is not part of the United States

5

United States District Court
Northern District of California

1  Constitution.").  Or the Archivist does not owe a duty to certify and publish the ERA, thus

2  precluding its creation.  *See Ferriero*, 60 F.4th at 719.  For our purposes, the result is the

3  same: there is now no 28th Amendment and Valame cannot state a claim for relief under a

4  constitutional amendment that does not exist.

5        Therefore, this Court DISMISSES Valame's claims.  Because no new allegations

6  would save his claims, this Court finds leave to amend futile.  *See Lopez*, 203 F.3d at 1127.

7  **C.    Valame TRO Motion is Denied.**

8        Valame's TRO also hinges on his purported rights under the 28th Amendment.

9  Finding he does not possess those rights, this Court DENIES his application for a TRO.

10  **IV.    CONCLUSION**

11        This Court DISMISSES Valame's claims with prejudice.  As his TRO relies on the

12  same legal theory, this Court also DENIES his motion for a TRO.

13        **IT IS SO ORDERED.**

14

15  Dated:  January 20, 2024        _____

16                                 NATHANAEL M. COUSINS
                                   United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28