1 | Vikram Valame

2 | 4039 2nd Street Palo Alto, California 94306

3 | 208-994-3067

4 | vik.valame@gmail.com

5 | Pro Se *Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

*San Jose Division*

|  |  |
|---|---|
| Vikram Valame | Case Number: 5:23-cv-03018-NC |
| Plaintiff, |  |
| vs. | First Amended Complaint |
| **Donald John Trump**, in his official capacity as President of the United States; **Micheal A. Migliara**, in his official capacity as Acting Deputy Director of the Selective Service System; **Craig T. Brown**, in his official capacity as Acting Director of the Selective Service System; **Steven L. Kett**, in his official capacity as Regional Manager of Region III of the Selective Service System; **The United States**; **Selective Service System**, an Agency of the United States; **Steven L. Kett**, in his personal capacity; **Patrick Robbins**, in his official capacity as Acting U.S. attorney for the Northern District of California; and **John Arbogast**, in his official capacity as Selective Service California State Director. |  |
| Defendants. |  |

I, Vikram Valame (hereinafter "Plaintiff"), bring this action against Defendant agency Selective Service System (hereinafter "SSS"), official Defendants President Donald John Trump ~~Joseph R. Biden~~, SSS Acting Deputy Director Micheal A. Migliara ~~Craig T. Brown~~, Acting U.S. Attorney for the Northern District of California Patrick Robbins ~~Ismail Ramsey~~, SSS Acting Director Craig T. Brown ~~Joel C. Spangenberg~~, and Regional Manager Steven L. Kett (hereinafter "official

*Valame v. Trump et al.*, Second Amended Complaint

1

defendants"), individual Defendant Steven L. Kett (hereinafter "Kett"), and the United States Federal Government. Plaintiff requests injunctive, declaratory, and monetary relief requiring official defendants and agencies to treat women and men equally regarding registration for the military draft. Plaintiff requests nominal damages against defendant Kett for violation of plaintiff's constitutional rights.

**Parties**

1. Plaintiff Vikram Valame is a natural person. Vikram is a male aged ~~18~~ 20, U.S. resident, and U.S. citizen residing in the Northern District of California. Plaintiff has recently become required to register for the draft under the Military Selective Service Act (hereinafter "MSSA") due to reaching the age of 18.

2. Defendant SSS is an agency of the United States Federal Government. The SSS gathers and stores information on men subject to a potential draft under the MSSA. Male citizens and certain categories of male immigrants are required to register if they are between the ages of 18 and 25, inclusive. This registration is mandatory within 30 days of a male individual's 18th birthday. The SSS must be notified of any changes to the information provided on the draft registration, including an address change. According to a FY 2021 report by SSS, the registration rate for men aged 18 through 25 was 91%. Information collected by SSS is distributed to other entities within the United States Federal Government.

3. Defendant United States Federal Government is the Federal Government created by the Constitution of the United States.

4. Defendant Donald John Trump ~~Joseph Robinette Biden~~ is the President and Commander-in-Chief of the United States. The President establishes the protocols of the selective service via proclamation pursuant to the MSSA. This defendant is sued in an official capacity.

5. Defendant Micheal A. Migliara ~~Craig T. Brown~~ is the Acting Deputy Director of the SSS. Micheal A. Migliara ~~Craig T. Brown~~ was appointed as an Acting Deputy Director to fill a

1. vacancy in the SSS. Micheal A. Migliara ~~Craig T. Brown~~ administers the registration requirements outlined above nationwide. This defendant is sued in an official capacity.

6. Defendant Craig T. Brown ~~Joel C. Spangenberg~~ is the Acting Director of the SSS. Craig T. Brown ~~Joel C. Spangenberg~~ leads the national office of the SSS and is filling a vacancy in the position of Director of the SSS. Craig T. Brown ~~Joel C. Spangenberg~~ enforces the registration requirements outlined above nationwide. This defendant is sued in an official capacity.

7. Defendant Arbogast is sued in an official capacity. In Arbogast's official capacity, Arbogast acts as the California State Director of Selective Service. Arbogast enforces the registration requirements outlined above within the state of California.

8. Defendant Kett is sued in a personal and official capacity. In Kett's official capacity, Kett is the Regional Manager of Region III of the SSS. Region III includes the state of California for registration purposes. In Kett's personal capacity, Kett is a natural person residing in the state of Colorado and employed by the SSS.

9. Defendant Patrick Robbins ~~Ismail Ramsey~~ is the Acting United States Attorney for the Northern District of California. Patrick Robbins ~~Ismail Ramsey~~ enforces criminal laws, including criminal sanctions for failure to register under the MSSA, in the Northern District of California. Patrick Robbins ~~Ismail Ramsey~~ also implements the federal prohibitions on the hiring of males who have not registered for the raft. Patrick Robbins ~~Ismail Ramsey~~ is being sued in an official capacity.

10. Each official defendant enforces and/or implements the sex-discriminatory requirements for Selective Service registration upon Plaintiff.

11. There is not (nor has there been) any other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint.

## Jurisdiction

12. Plaintiff brings this action under the Twenty-Eighth Amendment to the Constitution of the United States, which provides that "Equality of rights under the law shall not be

*Valame v. Trump et al.,* Second Amended Complaint
3

| | |
|---|---|
| 1 | denied or abridged by the United States or by any state on account of sex" U.S. Const., |
| 2 | amend. XXVIII, §1. |
| 3 | 13. This Court has jurisdiction over this action under Article III of the constitution because at |
| 4 | least one defendant has caused concrete injury fairly traceable to the actions of that |
| 5 | defendant redressable by this Court. |
| 6 | 14. This Court has statutory jurisdiction under 28 U.S.C. § 1331 because this action arises |
| 7 | under the Constitution or Laws of the United States |
| 8 | 15. This Court additionally has jurisdiction over this action because 28 U.S.C. § 1343 |
| 9 | provides jurisdiction over actions enforcing constitutional guarantees of equal treatment |
| 10 | under the law. |
| 11 | 16. This Court additionally has jurisdiction to issue equitable relief to enjoin *ultra vires* |
| 12 | action by Government officials under an equitable cause of action. |
| 13 | 17. This Court additionally has jurisdiction to review SSS and official defendants' (sans |
| 14 | Joseph R. Biden) unlawful actions under the Administrative Procedures Act grant of |
| 15 | jurisdiction. |

**Venue**

18. Venue is proper in the Northern District of California under each clause of 28 U.S.C. § 1391(e)(1) because official defendant Ismail Ramsey resides in the Northern District of California, a substantial part of the acts or omissions giving rise to the claim arose within the Northern District of California, and because Plaintiff is a resident of the Northern District of California.

19. Intradistrict assignment is proper in San Jose under Civil Local Rule 3-2(e) because a substantial part of the acts or omissions giving rise to this complaint occurred in Santa Clara County.

**General Allegations**

20. Plaintiff is harmed by the requirements to register for the draft. Plaintiff does not wish to spend time, postage money, cellular data, or other limited resources registering for the military draft.

21. Plaintiff is not a current member of the military, a student at military academies, or in any other way statutorily exempt from the draft.
22. Plaintiff is thus statutorily required to register for the draft.
23. Plaintiff has knowingly and willfully refused to register for the draft, despite his obligation to do so under the MSSA.
24. The MSSA implementing regulations require people subject to the unconstitutional draft eligibility criteria to notify defendant SSS within 10 days of any change in mailing address. That regulation can be found at 32 C.F.R. Subtitle B, Chapter XVI, § 1621.1(a).
25. Plaintiff is harmed by the requirement to notify defendants of a change in mailing address because doing so requires the expenditure of time and money to pay for communications to the SSS. Plaintiff will not obey the notification requirement.
26. The 28th Amendment was ratified pursuant to Article V of the Constitution on or about January 15th, 2020. Under §3 of the 28th Amendment, the substantive provisions of the Amendment took effect two years after the date of Ratification.
27. The 28th Amendment, or the "Equal Rights Amendment" was proposed by 2/3 of the House of Representatives on October 12, 1971, and 2/3 of the Senate on March 22, 1972. The "Mode of Ratification" chosen by Congress was ratification by the legislatures of the states.
28. The 28th Amendment was subsequently ratified by the legislatures of ¾ of the states in the United States.
29. Because the SSS and other defendants presently enforce the draft registration requirements only on male citizens and immigrants, the registration requirements violate the 28th Amendment.
30. The 28th Amendment thus supersedes the decision of the Supreme Court of the United States in *Rostker v. Goldberg*, 453 U.S. 57. *Rostker* held, in response to a lawsuit from a group of men wishing to be excluded from the draft, that Congress had sufficient justification to discriminate between men and women for the purposes of draft

1    registration under the equal protection component of the due process clause of the Fifth
2    Amendment.
3    31. Although the National Commission on Military, National, and Public Service has
4    concluded ending the male-only nature of draft registration would be in the best interests
5    of the United States, no action has been taken to remove the sex-discriminatory draft
6    requirements from Federal Law. See
7    https://www.volckeralliance.org/sites/default/files/attachments/Final%20Report%20-
8    %20National%20Commission.pdf page 122 (130 of the PDF)
9    32. The United States Federal Government lacks a compelling interest in enforcing the male-
10    only draft. Roughly doubling the pool from which the nation might obtain conscripts
11    would improve military readiness, according to the National Commission. See
12    https://www.volckeralliance.org/sites/default/files/attachments/Final%20Report%20-
13    %20National%20Commission.pdf page 115 (123 of the PDF)
14    33. No congressional or executive factual analysis has been relied upon to counter the
15    analysis presented in the National Commission's Final Report.
16    34. Defendant SSS has stated that failure to register by virtually any male "will result in
17    referral to the department of Justice for possible investigation and prosecution", in
18    addition to conferring lifetime ineligibility for certain state and federal benefits. See
19    https://www.sss.gov/register/benefits-and-penalties/
20    35. The United States Federal Government's enforcement of a male-only draft is not
21    narrowly tailored to serve a compelling governmental interest. Some women are more
22    qualified than men subject to the draft even in combat-intensive roles. Almost 80% of
23    U.S. military positions are non-combat roles that could be adequately filled by women.
24    36. Plaintiff is harmed by the sex-discriminatory requirements of the MSSA registration
25    requirements because he is subject to criminal prosecution, fines, and imprisonment under
26    50 U.S.C. §§ 462(a) and 3811 based on unconstitutional registration and reporting
27    requirements.
28

37. Defendants have <u>not</u> disclaimed enforcement of the MSSA through criminal and other process in litigation, or anywhere else.
38. Plaintiff is further independently harmed by the sex-discriminatory requirements of the MSSA because they deny him equal treatment under law to which he is entitled to under the 28th Amendment.
39. Plaintiff suffers serious stigmatic injury from the implicit view that he is expendable and required to defend his county on an unequal basis with his fellow citizens. Plaintiff has suffered and is suffering frustration and significant anxiety about his role in society due the discriminatory classifications of the MSSA.
40. Plaintiff is further independently harmed by the sex-discriminatory requirements of the MSSA and implementing law 5 U.S.C. §3328 because these provisions deny him job opportunities provide by the federal government on a discriminatory basis.
41. 5 U.S.C. §3328 provides that Plaintiff, who knowingly and willfully failed to register under the MSSA, "shall be ineligible for appointment to a position within an executive agency".
42. Plaintiff recently filed two job applications to work within positions at Executive Branch agencies. One application was sent to the Nuclear Regulatory Commission (the "NRC") for their Temporary 89-Day Summer Student Internship, and the other was sent to the Defense Counterintelligence and Security Agency (the "DCSA") for work as a "Student Intern — Mission Support".
43. The NRC and DCSA are both executive branch agencies subject to 5 U.S.C. §3328.
44. The NRC written application asked whether plaintiff was registered for the Selective Service, and—if not—whether he fell within an applicable exception. Plaintiff truthfully stated that he was not registered, but that he was exempt from the registration requirement since the MSSA is unconstitutional.
45. Plaintiff conducted a panel interview with NRC staff members on December 8th, 2023.
46. The DCSA's website indicates under "eligibility" for employment that all male applicants born after 12-31-1959 must be registered with the Selective Service. *See* https://www.dcsa.mil/About-Us/Careers/Application-Process/

47. Both the NRC and DCSA student internship positions are paid postings. The internships also allow for potential competitive or non-competitive conversion into federal civil service positions after college graduation.

48. Plaintiff is seriously applying to these jobs. Plaintiff did not submit these job applications for the purpose of manufacturing standing in this case. If accepted at either job, Plaintiff will accept the offer of employment unless an unforeseeable change in material circumstances occurs or he receives a better offer from another employer.

49. Absent the MSSA's registration requirement, Plaintiff would be fully qualified to hold and work at the Federal Executive Branch jobs he has applied for.

50. Plaintiff is harmed by Defendants' imposition of an unequal playing field for applicants to these positions, even if the discriminatory regulations are not ultimately a "but for" cause of his rejection. *See Northeastern Fla. Chapter of the Associated Gen. Contractors of America v. Jacksonville,* 508 U.S. 656 (1993) at 666.

51. Plaintiff intends on filing further job applications to government internship positions in the near future.

## Claims for Relief

**Claim One: Declaratory Judgment against Official Defendants, The United States, and SSS**

52. Plaintiff realleges and incorporates all prior paragraphs as if set forth herein.

53. The Administrative Procedures Act provides a cause of action for declaratory relief against the United States, its Agencies, and its Officers acting *ultra vires*. The Administrative Procedures Act additionally waives sovereign immunity as to such claims.

54. By enforcing a male-only draft, Official Defendants, The United States, and SSS have violated Plaintiff's rights under the 28th Amendment to the constitution of the United States.

55. This court should thus issue a declaratory Judgment under 28 U.S.C. § 2201 finding enforcement of the MSSA against Plaintiff unlawful under the 28th Amendment to the Constitution of the United States.

**Claim Two: Injunctive Relief against Official Defendants, The United States, and SSS**

56. Plaintiff realleges and incorporates paragraphs 1-51 as if set forth herein.

57. The Administrative Procedures Act provides a cause of action for injunctive relief against the United States, its Agencies, and its Officers for acting in excess of their authority. The Administrative Procedures Act additionally waives sovereign immunity as to such claims.

58. By enforcing a male-only draft, Official Defendants, The United States, and SSS have violated Plaintiff's rights under the 28th Amendment to the constitution of the United States.

59. Plaintiff does not request injunctive relief against the President of the United States. See Franklin v. Massachusetts 505 U.S. 788 at 802.

60. Due to the Sovereign Immunity of the United States and Official Defendants from retrospective monetary damages, there is no other adequate remedy for the infringement of Plaintiff's constitutional rights by these defendants.

61. Deprivation of constitutional rights is an irreparable injury, particularly because Plaintiff will be forced to suffer constitutional deprivation without foreseeable end due to the collateral consequences of failure to register.

62. This court should thus issue an injunction against official and agency defendants (and those acting in concert with them) prohibiting enforcement of the male-only draft registration policy as applied to Plaintiff, including any federal collateral consequences of failure to register.

**Claim Three: Administrative Procedures Act Vacatur**

63. Plaintiff realleges and incorporates paragraphs 1-51 as if set out fully herein.

64. On July 18th, 1980, defendant SSS published a "Final rule" requiring certain actions by "A person required by the selective service law to register". This rule can be found at 32 C.F.R. Subtitle B, Chapter XVI, § 1615.4.

65. Because the Selective Service Law (defined to include the MSSA under § 1602.21) method of determining who is required to register is unconstitutional under the 28th Amendment due to sex discrimination, the final rule incorporating the requirements of the Selective Service Law is itself contrary to constitutional privilege as laid out in § 706 of the Administrative Procedures Act.

66. In the same rule, defendant SSS proclaimed that people not required to register under the MSSA and its implementing proclamations were not required to register. Because the MSSA unconstitutionally excludes women, this regulation (§ 1615.5) is also unconstitutional.

67. The regulations published in the federal register on July 18th, 1980 constitute final agency action.

68. This court should thus "set aside", under § 706 of the Administrative Procedures Act, the implementing regulations issued on July 18th, 1980 insofar as they apply or implement sex-discriminatory requirements in any of their applications. Since vacatur operates on the challenged regulations themselves, this court should hold that the regulations no longer exist and allow the SSS to either extend the draft requirement to women (as allowed by law) or end the registration requirement entirely. *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 826 (2024) (Kavanaugh, J., concurring).

**Claim Four: Bivens Nominal Damages (Individual Defendants)**

69. Plaintiff realleges and incorporates paragraphs 1-51 as if set out fully herein.

70. Individual defendant Kett administers the MSSA on behalf of defendant SSS in the State of California.

71. Individual defendant Kett has participated in threats by the SSS to refer for criminal prosecution any person who does not register for the draft.

72. Individual defendant Kett focuses registration efforts exclusively on male persons, despite the command for sex equality enshrined in the 28th Amendment.

73. Due to his extraordinary effectiveness throughout long years in faithful government service, individual defendant Kett directly contributed to the credibility of the

unconstitutional threats made by defendants and the severity of injury caused by the risk of criminal referral of registration-eligible men who do not register under the MSSA.

74. In *Bivens v. Six Unknown Agents* 403 U.S. 388, the Supreme Court recognized a limited ability for federal courts to recognize causes of actions against federal officers for violations of constitutional rights.

75. Individual defendant Kett has violated Plaintiff's constitutional rights under the 28th Amendment to be free from sex discrimination under color of federal law.

76. No special factors counsel against creating a nominal damages remedy against individual officers for violation of constitutional rights.

77. Therefore, this court should award Plaintiff nominal damages not to exceed 0.01$ against individual defendant Kett.

## Claim 5: Bane Act (Individual Defendants)

78. Plaintiff realleges and incorporates paragraphs 1-51 and 69-73 as if set out fully herein

79. The California Bane Civil Rights act extends civil liability to any person or persons who interferes with by threat, coercion, or attempted threat or coercion with rights secured by the Constitution of the United States.

80. Individual defendant's threats of referral to the department of Justice are specifically intended to cause interference with plaintiff's constitutional rights under the 28th Amendment of the Constitution of the United States.

81. Plaintiff requests statutory damages of 21$ against defendant Kett under California civil code Division 1, Part 2, § 52(a) as Kett has made a "distinction" based on sex contrary to the constitution of the United States and California civil code Division 1, Part 2, § 51.

## Claim 6: Title VII (David A. Wright)

82. On January 11th, 2024, the Nuclear Regulatory Commission tentatively accepted Plaintiff for a paid internship in the Acquisition Management Division of the Office of Administration.

83. Plaintiff completed documentation related to the internship offer shortly after receiving the tentative acceptance.

84. Plaintiff truthfully stated under penalty of law that he was not registered for the draft. Plaintiff honestly believed that the draft registration requirement was unconstitutional and therefore unenforceable.

85. On January 18th, 2024, the NRC notified Plaintiff that draft registration was mandatory for male applicants to receive a final offer.

86. Plaintiff declined to register for the draft.

87. On February 12, 2024, the NRC formally withdrew Plaintiff's internship offer. The official reason stated was "The NRC's policy regarding Selective Service registration." That policy being that men, and men alone, were required to register to hold employment.

88. 42 U.S.C. §2000e-16(a) provides that "All personnel actions affecting employees or applicants for employment […] shall be made free from any discrimination based on race, color, religion, sex, or national origin."

89. The Nuclear Regulatory Commission discriminated against Plaintiff, as an applicant for employment, based on his sex

90. 5 U.S.C. § 3328 cannot exempt the Nuclear Regulatory Commission from Title VII because 5 U.S.C. § 3328 is unconstitutional insofar as it incorporates the discriminatory registration requirements of 50 U.S.C. § 3802.

91. Insofar as Title VII implicitly or explicitly exempts actions taken in relation to the Selective Service law from its scope, that excemption is itself unconstitutional as a denial of due process and equality of rights under law guaranteed by the Fifth Amendment and the 28th Amendments, respectively.

92. Plaintiff sustained damages from the government's denial of paid employment.

93. Due to the government's rescinded offer, Plaintiff was unable to secure paid employment for the Summer of 2024 and instead worked an unpaid internship at a Public Defender's office.

94. Plaintiff request actual damages in an amount to be determined at trial (in no event greater than $8,000) against the United States Federal Government.

95. Following the revocation of Plaintiff's internship offer, Defendant President of the United States admitted that the 28th Amendment guaranteed equality of rights under law for both sexes.
96. Plaintiff exhausted his administrative remedies under 42 U.S.C. §2000e-16(c) on February 13th, 2025. This complaint is timely.
97. This Court has jurisdiction over Title VII claims under 42 U.S.C. §2000e-5(f)(3)

### Claims 6-10 7-11: Fifth Amendment Analogues

98. Plaintiff realleges claims 1-5 substituting references to the 5th Amendment for references to the 28th Amendment.
99. Plaintiff acknowledges that these claims are foreclosed by binding precedent under *Rostker* and raises them only to preserve potential appellate review and rejection of that precedent.

### Prayer for Relief

For these reasons, Plaintiff respectfully requests that the Court enter an order against the defendants specified in each claim, including their employees, agents, successors, and all persons in active concert and participation with them. Plaintiff respectfully requests that such an order

A. Declare that the MSSA and its implementing proclamations and regulations violate the 28th Amendment to the Constitution of the United States insofar as they apply to Plaintiff on a sex-discriminatory basis;
B. Enjoin the official and agency defendants (sans the President) from implementing, enforcing, referring, or prosecuting violations of the MSSA and its implementing proclamations and regulations insofar as they apply to Plaintiff on a sex-discriminatory basis, including any federal collateral consequences of failure to register;

|    |                                                                                                                                 |
|----|---------------------------------------------------------------------------------------------------------------------------------|
| 1  |     C.  Vacate 32 C.F.R. Subtitle B, Chapter XVI, §§ 1615.3-5 and any other implementing           |
| 2  |         regulations of the MSSA insofar as they contain or implement distinctions based on |
| 3  |         sex against any person;                                                          |
| 4  |     D.  Award nominal monetary damages in an amount not to exceed 0.01$ against                    |
| 5  |         defendant Kett in his individual capacity under Bivens;                          |
| 6  |     E.  Award statutory damages in an amount not to exceed 21$ against defendant Kett in           |
| 7  |         his individual capacity;                                                         |
| 8  |     F.  <span style="color:red">Award actual damages to Plaintiff Vikram Valame for employment discrimination in</span> |
| 9  |         <span style="color:red">an amount not to exceed $8,000;</span>                   |
| 10 |     G.  Award costs, fees, attorney's fees, and other expenses as may be awarded in this           |
| 11 |         action; and                                                                      |
| 12 |     H.  Grant all other relief that is just and proper, keeping in mind that this complaint is     |
| 13 |         filed Pro Se.                                                                    |
| 14 | A jury trial is requested on all claims so triable.                                                                              |
| 15 |                                                                                                                                 |
| 16 |                                                                                                                                 |
| 17 | Date: May 14, 2025               Sign Name: _____ |
| 18 |                                        Print Name: Vikram Valame |