# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VIKRAM VALAME,
    *Plaintiff-Appellant*,

v.

DONALD J. TRUMP, et al.,
    *Defendants-Appellees.*

No. 24-369

## RESPONSE IN OPPOSITION TO
## MOTION FOR LEAVE TO AMEND COMPLAINT

Defendants-appellees President Donald J. Trump et al.[1] respectfully file this response in opposition to plaintiff's motion seeking leave to amend his complaint during the pendency of this appeal. *See* Dkt. No. 38.

**1.** The facts and procedural background of this case are set forth in the government's answering brief. *See generally* Dkt. No. 28. As relevant here, plaintiff principally contends that the Equal Rights Amendment (ERA) has been duly ratified as the 28th Amendment to the U.S.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c), all defendants-appellees sued in their official capacities have had their successors in office automatically substituted.

Constitution, notwithstanding the fact that the congressionally established deadline for ratification lapsed long before the purported thirty-eighth State ratification occurred in 2020. Plaintiff believes that his obligation to register with the Selective Service System pursuant to the Military Selective Service Act, 5 U.S.C. § 3802, is prohibited sex discrimination under the ERA and the Fifth Amendment. He therefore filed this suit in the U.S. District Court for the Northern District of California asserting that the Act's registration requirement is unconstitutional.

**2.** While this suit was pending in district court, plaintiff applied for a summer internship with the Nuclear Regulatory Commission (NRC). The NRC extended him a tentative offer, but it also informed him that he would need to register for the Selective Service or provide evidence of an exemption from registration to receive a final offer. *See* Dkt. No. 19, Ex. A. Plaintiff sought an injunction pending appeal to prevent the revocation of the tentative offer; this Court denied the motion. Order (Feb. 8, 2024), Dkt. No. 15. The NRC then withdrew its tentative offer. Dkt. No. 19, Ex. A.

Plaintiff alleges that he sought review of the NRC's decision before the Equal Employment Opportunity Commission and has now exhausted his administrative remedies. Dkt. No. 38.1, at 13. He seeks leave to amend his complaint to add a Title VII sex-discrimination claim against the NRC's Chairman, who was not previously a defendant in this suit. *See* Dkt. No. 38.3, at 1-2 (Am. Mot.).

**3.** The motion should be denied. This Court "will not consider issues raised for the first time on appeal." *Calvary Chapel Bible Fellowship v. County of Riverside*, 948 F.3d 1172, 1177 (9th Cir. 2020) (explaining that a plaintiff could not "change the gravamen of its nondiscrimination claim on appeal"). Plaintiff's operative complaint contained various claims all challenging the constitutionality of the Military Selective Service Act. By contrast, the putative employment-discrimination claim he now seeks to add concerns a separate question: whether a particular federal agency's withdrawal of a tentative internship offer was consistent with federal employment law. If plaintiff wishes to pursue such an analytically distinct claim based on newly alleged facts, he must raise it "in a separate

3

proceeding" rather than in a fully briefed appeal. *Dinkins v. United States*, 2024 WL 1253789, at *1 n.1 (9th Cir. Mar. 25, 2024).[2]

**4.** Granting the motion would also call into question this Court's appellate jurisdiction, as the addition of an entirely new claim against a new party would appear to undermine the finality of the district court's judgment. *See, e.g.*, *United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 797 (9th Cir. 2017) (a final judgment "disposes of all claims as to all parties" (quotation marks omitted)). As noted, the proposed amended complaint attempts to add a Title VII claim against the Chairman of the NRC. *See* Dkt. No. 38.1, at 11-12. But neither the NRC nor its Chairman was previously joined as a party, so the district court has rendered no judgment

---

[2] To the extent that plaintiff suggests this Court could remand and "order [the] district court" to permit amendment, *see* Am. Mot. 1 (quoting *Board of Supervisors v. United States*, 84 F.4th 1359, 1370 (Fed. Cir. 2023)), that suggestion should be rejected. Plaintiff cites, and we are aware of, no authority that would allow a litigant to circumvent the rule against raising new claims on appeal in this manner. *Cf. Synagogue v. United States*, 482 F.3d 1058, 1060 n.4 (9th Cir. 2007) (denying the plaintiffs' request for a remand to amend the complaint because they "neither relied on this proposed cause of action below nor sought leave of the district court to amend their complaint to add it").

4

as to either on any claim—let alone on the proposed employment discrimination claim. It is therefore unclear how this appeal could be sustained if plaintiff's motion were granted. *See* Dkt. No. 21, at 3 (opening brief invoking 28 U.S.C. § 1291 as the sole basis for appellate jurisdiction).

 **5.** Plaintiff cannot avoid this difficulty by asserting that a Title VII claim would "rise[] and fall[]" with the constitutional claims previously presented to the district court. Am. Mot. 2. Whether a federal statute violates the Constitution is, of course, a different question than whether a particular employment decision violates Title VII's prohibition of "discrimination based on . . . sex," 42 U.S.C. § 2000e-16(a). Even putting that aside, the addition of a Title VII claim to this case would add other unbriefed legal issues, such as whether venue is proper in this Circuit. *See id.* § 2000e-5(f)(3) (providing specific venue requirements for Title VII claims).

 **6.** Plaintiff's motion for leave to amend should therefore be denied. To the extent he wishes to pursue a Title VII claim, he must file a new action in the proper district court, and the parties can litigate the validity of

5

that claim, including any defenses the government may raise, there. If plaintiff believes the resolution of that claim would be informed by this Court's disposition, then he could seek to stay proceedings in that case pending resolution of this appeal.

        Respectfully submitted,

        YAAKOV M. ROTH
        *Acting Assistant Attorney General*

        MICHAEL S. RAAB
        THOMAS PULHAM
        */s/ Simon C. Brewer*
        SIMON C. BREWER
        *Attorneys, Appellate Staff*
        *Civil Division, Room 7529*
        *U.S. Department of Justice*
        *950 Pennsylvania Avenue NW*
        *Washington, DC 20530*
        *(202) 616-5367*
        *Simon.C.Brewer@usdoj.gov*

MAY 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this response to a motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Palatino Linotype 14-point, a proportionally spaced font with serifs, and the response complies with Federal Rule of Appellate Procedure 27(d)(2) and Circuit Rule 27-1(1)(d) because it contains 950 words, according to the word count of Microsoft Word, and does not exceed 20 pages.

/s/ *Simon C. Brewer*
Simon C. Brewer

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, I electronically filed the foregoing with the Clerk of the Court by using ACMS. Participants in the case are registered ACMS users, and service will be accomplished by ACMS.

/s/ *Simon C. Brewer*
Simon C. Brewer