No. 24-369

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

VIKRAM VALAME,

*Plaintiff-Appellant*,

v.

DONALD J. TRUMP, et al.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California
No. 5:23-cv-03018-NC
Hon. Nathanael Cousins

REPLY IN SUPPORT OF MOTION FOR MISCELLANEOUS RELIEF

Vikram Valame
*Pro Se*
4039 2nd Street, Palo Alto, California
(208) 994-3067
vik.valame@gmail.com

*Appellant*

## I.     Agreement With the Government

In its reply to the motion to amend, the government suggested that Plaintiff should pursue his Title VII claim in a new action and seek a stay of that new action pending a decision from this Court. *See* Dkt. No. 39, at 6-7 (Response). Plaintiff subsequently drafted a new complaint and motion for stay to be filed in the United States District Court for the District of Columbia and shared them with the government. The government has consented to the proposed motion to stay proceedings in the District of Columbia pending a final decision in this case.[1]

Because Plaintiff is proceeding *pro se*, the new complaint must be paper filed in the District of Columbia. Plaintiff will fly to Washington on June 6th. If the District Court for the District of Columbia accepts the complaint and grants the motion for a stay, Plaintiff has agreed to promptly inform this court and withdraw his motion for leave to amend. If this Court affirms the dismissal of Plaintiff's initial complaint on the merits and the Supreme Court denies certiorari, Plaintiff will dismiss the District of Columbia case under Rule 41(a)(1)(A)(i).

---

[1] The government reserved all substantive and procedural defenses that may be raised in the District of Columbia proceedings.

1

The remainder of this reply will contain a response to the government's arguments in case the consent motion for stay is not accepted by the District Court for the District of Columbia.

## II.   The Motion for Leave to Amend is Substantively Sound

The "policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The factors used in determining a motion to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Ibid.* The government makes no allegation of bad faith or undue prejudice. Plaintiff's motion was timely filed after the government denied his administrative claims as required by statute. Each of the first three factors therefore favors amendment. The motion should therefore be granted unless under it "cannot under any conceivable state of facts be amended to state a claim." *Alexander v. Pacific Maritime Ass'n*, 314 F.2d 690 (9th Cir. 1963).

The government's only argument as to futility is an allusion to "unbriefed legal issues" like the appropriate venue for employment discrimination claims. Response at 5. This argument misunderstands the standard for granting an amendment. If a claim is conceivably valid, "[i]t

2

would be undesirable to resolve important legal questions on the basis of allegations which are incomplete." *Breier v. Northern California Bowling Proprietors' Asso.*, 316 F.2d 787, 790 (9th Cir. 1963). When a substantial venue question exists, district courts have found that "issues of venue are better resolved in a later motion to dismiss" than in denial of a motion to amend. *Boa Tech., Inc. v. MacNeill Eng'g Co., Inc.*, U.S. Dist. LEXIS 32721, at 7 (SD. Cal. 2024). This court should follow that pathway here.

The government's venue argument also fails on its merits. This Court has held that Title VII venue is proper "in the forum in which that [employment] decision is implemented or its effects are felt" in addition to the forum where the employer makes an employment decision. *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000). In this case, Plaintiff resided in California when he applied for a job with the NRC. He felt the effects of revoked employment in California when he was forced to work in California over the summer instead of in the job that he had previously planned to take.[2]

---

[2] Venue is also proper in California under the doctrine of "pendant venue" because Plaintiff's Title VII claims arise out of a "common nucleus of operative facts" with other claims in this suit. Beattie v. United States, 756 F.2d 91, 101 (D.C. Cir. 1984) abrogated on other grounds by Smith v. United States, 507 U.S. 197 (1993).

3

### III.   **The Motion for Leave to Amend is Procedurally Proper**

The government makes two procedural arguments against amendment: lack of jurisdiction and the bar against new arguments on appeal. Neither has merit.

1. Granting leave to amend would not impair this court's appellate jurisdiction. As explained above, Plaintiff's Title VII claim is contingent on his constitutional claims. The district court's decision finding those claims meritless necessarily forecloses a Title VII claim against the government.

The addition of the Chairman Wright as a defendant is jurisdictionally irrelevant. Chairman Wright is sued in his official capacity. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in *all respects other than name*, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (emphasis added); *see also Clark v. Library of Cong.*, 750 F.2d 89, 103–04 (D.C. Cir. 1984) (holding that sovereign immunity applies to official-capacity suits for money damages.). The United States Federal

4

Government has always been a named defendant in this lawsuit. The addition of an official capacity defendant in a claim for money damages therefore changes nothing about the nature of this lawsuit or appellate jurisdiction.

2. The government selectively quotes *Calvary Chapel Bible Fellowship v. County of Riverside*, 948 F.3d 1172, 1177 (9th Cir. 2020) to argue that Plaintiff cannot raise any new arguments on appeal. Response at 3. However, *Calvary Chapel* expressly contemplates "limited exceptions" to that general rule. *Ibid.* (citing *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990)). *Carlson* explains that this Court has discretion to consider a new issue on appeal when

> (1) there are "exceptional circumstances" why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.

*Ibid.*[3]

---

[3] This court has repeated this formulation in more recent cases. *See e.g. Kaass L. v. Wells Fargo Bank, N.A.*, 799 F.3d 1290 (9th Cir. 2015) (considering straightforward pure question of law for the first time on appeal).

In this case, "exceptional circumstances" exist because Plaintiff was categorically barred from asserting his Title VII claims in district court. To file suit under Title VII, Plaintiff had to exhaust administrative remedies. Under EEOC regulations, a mere "proposal to take a personnel action, or other preliminary step to taking a personnel action" is not the proper subject of an administrative complaint. 29 C.F.R. §1614.107(a)(5). Because the government waited until after the District Court dismissed Plaintiff's complaint to formally revoke his job offer, Plaintiff could only start the administrative process while the case was pending in this Court.

The Ninth Circuit has previously found "exceptional circumstances" when a party delayed raising an argument until "the last possible moment" in the district court. *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 999 (9th Cir. 2005). In this case, the government delayed administrative resolution of Plaintiff's claims for a full year after District Court proceedings concluded. This is an *a fortiori* case to find exceptional circumstances.

The government also contends that Plaintiff's claim is "analytically distinct" from the previously existing claims in the appeal. Response at 3. The government's argument is both incorrect and irrelevant. To be

6

sure, Title VII claims usually require a fact intensive analysis of whether discrimination occurred. *See e.g. McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). But in this case, the government has conceded that Plaintiff's job offer was revoked solely because of his failure to register for the Selective Service. Dkt. 19, Exhibit A; 5 U.S.C. § 3328. Only men are required to register. 50 U.S.C. § 3802. Sex discrimination is necessarily occurring. The only remaining question is whether 5 U.S.C. § 3328 and the MSSA authorize such discrimination. If those laws are unconstitutional, then they can authorize nothing; the judiciary would be obligated to disregard them and render judgment on the conceded sex discrimination perpetrated by the government. *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 178, 2 L.Ed. 60 (1803). In summary, the only disputable element of Title VII liability is the same element that has been disputed on every other claim in this case: the constitutionality of the MSSA.[4]

Even if resolution of a Title VII claim was analytically distinct from

---

[4] As explained in Plaintiff-Appellant's opening and reply briefs, this court need not determine the constitutionality of the MSSA to decide this appeal. The only directly presented question is whether the district court erred by giving undue weight to the Archivist's legally irrelevant decision not to certify the 28th Amendment.

other claims raised in the First Amended Complaint, amendment would still be proper. Nothing in the Federal Rules of Civil Procedure requires that new claims be identical to old ones. Pleadings may be amended or supplemented to account for any "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." F.R.C.P. 15(d); *see also* Rule 15(c)(1)(B). If this court grants amendment and separately vacates the decision below, the District Court can adjudicate distinct claims for money damages and equitable relief as it would in any other case.[5]

---

[5] This court could also decide this appeal and (assuming a favorable decision for Plaintiff) remand to the District Court with instructions to permit amendment. Contrary to the government's research, courts have used this tool to allow Plaintiffs to raise new claims in district court that were first hashed out on appeal. *See DeVillier v. Texas*, 601 U.S. 285, 293 (2024) ("On remand, DeVillier and the other property owners should be permitted to pursue" new causes of action they had previously disclaimed); *Mittleman v. United States*, 104 F.3d 410, 417 (D.C. Cir. 1997) (sua sponte remanding for a plaintiff to "refine" claims into new causes of action not covered by one-year statute of limitations). The government's citation to *Synagogue v. United States*, 482 F.3d 1058, 1060 n.4 (9th Cir. 2007) is inapposite because—unlike the eponymous Synagogue—Plaintiff had no opportunity to raise his proposed claims before the district court.

## CONCLUSION

The motion for leave to amend should be granted. This brief complies with Rule 27(d)(2)(c) because it is only 1722 words.

Date: June 3rd, 2025                    Vikram Valame
                                        */s/ Vikram Valame*
                                        Pro Se