No. 24-369

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VIKRAM VALAME,

*Plaintiff-Appellant*,

v.

DONALD J. TRUMP, et al.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of California
No. 5:23-cv-03018-NC
Hon. Nathanael Cousins

## PETITION FOR PANEL REHEARING

Vikram Valame
*Pro Se*
4039 2nd Street
Palo Alto, CA 94306
(208) 994-3067
vik.valame@gmail.com

*Appellant*

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ I

TABLE OF AUTHORITIES ..................................................................................... II

STATEMENT OF ISSUES ........................................................................................ 1

ARGUMENT .............................................................................................................. 1

   I.   The Panel Overlooked Strong Reasons to Remand Instead of Deciding the ERA's Validity in the First Instance ............................... 1

   II.   The Panel Should Clarify Its Rationale ......................................... 3

CONCLUSION .......................................................................................................... 8

# TABLE OF AUTHORITIES

## CASES

*In re Sui*, No. 24-2425, 2025 WL 2049065 (9th Cir. July 22, 2025) ......... 8

*Malone v. Williams*, 112 F.4th 867 (9th Cir. 2024) .................................. 9

*Murray v. DOJ*, No. 25-2378 (9th Cir. July 25, 2025) .............................. 8

*Murray v. United States Dep't of Just.*, No. 6:25-CV-924-MC, 2025 WL 1993624 (D. Or. July 17, 2025) ............................................................ 9

*Rita v. United States*, 551 U.S. 338 (2007) ....................................... 6, 7, 9

*Roth v. Foris Ventures, LLC*, 86 F.4th 832 (9th Cir. 2023) ...................... 4

*Unpublished Decisions and Precedent Shaping: A Case Study of Asylum Claims*, 31 GEO. IMMIGR. L.J. 1 (2016) ................................................. 9

*Valame v. Trump*, No. 24-369, 2025 WL 1983954 (9th Cir. July 17, 2025) ..................................................................................................... 3

## OTHER AUTHORITIES

Antonin Scalia, *The Rule of Law as a Law of Rules*, 56 U. CHI. L. REV. 1175 (1989) ............................................................................................. 5

Brief for States of Montana, Utah, Arkansas, Missouri, Oklahoma, South Carolina, and Texas as Amici Curiae in Support of Appellees, *Illinois v. Ferriero*, 60 F.4th 704 (D.C. Cir. 2023) ................................. 7

Letter from Barry G. Silverman, United States Circuit Judge, Ninth Circuit, to Peter G. McCabe, Secretary of the Committee on Rules of Practice and Procedure (Dec. 17, 2003) ................................................. 8

Patrick J. Bumatay, *The Value of Dissent*, 47 HARV. J.L. & PUB. POL'Y 75 (2024) ................................................................................................. 5

Reply in Support of Defs.' Mot. to Dismiss, *Equal Means Equal v. Ferriero*, No. 1:25-cv-10806 (D. Mass. Aug. 18, 2025) ........................... 9

Richard C. Tallman & Tania M. Culbertson, *An Unclassified Look at the Foreign Intelligence Surveillance Courts*, 48 LITIGATION 47 (2022) ...... 5

Ruth B. Ginsburg, *The Need for the Equal Rights Amendment*, 59 ABA J. 1013 (1973) ..................................................................................... 6

Stephen E. Sachs, *The Twelfth Amendment and the ERA*, 93 U. CHI. L. REV. (forthcoming 2026) ............................................................... 6, 7

III

## STATEMENT OF ISSUES

I. This panel summarily concluded that the Equal Rights Amendment was not properly ratified. *Valame v. Trump*, No. 24-369, 2025 WL 1983954 (9th Cir. July 17, 2025). It did so without first addressing Appellant's threshold contention that this Court should not reach the ERA's validity in the first instance. Rehearing is warranted so the panel can determine whether reaching the merits was proper.

II. The panel offered no rationale for its conclusion. The ERA's validity is a question of exceptional consequence to millions of Americans, and multiple distinct grounds could have supported the outcome. The panel should amend its opinion to specify the rationale(s) on which its ERA holding rests.

## ARGUMENT

**I.    The Panel Overlooked Strong Reasons to Remand Instead of Deciding the ERA's Validity in the First Instance**

The district court ruled that the 28th Amendment was invalid because the Archivist of the United States failed to certify it as adopted. ER-91. As explained in Appellant's opening brief, giving legal weight to the Archivist's inaction was manifestly wrong. Opening Br. at 15-24; *see*

1

*also* Answering Br. at 18 ("The status of the ERA does not depend on the Archivist's action or inaction."). Because the district court did not decide any other issue, the opening brief requested a remand.

Instead of defending the district court's reasoning, the government asked this Court to exercise its equitable discretion to affirm on grounds not decided below. Answering Br. at 18-19. The government did so despite acknowledging that the opening brief "neglect[ed] to argue whether Congress properly imposed the ERA's ratification deadline." Answering Br. at 18. The reply brief continued to advocate for vacatur. Reply Br. at 2-7.

The panel did not resolve these competing equitable arguments. Instead, it proceeded directly to the merits. For the reasons explained in Appellant's earlier briefs, that was an error. This Court has consistently remanded complex legal questions that were not answered below, even when they were theoretically available as alternative grounds for decision. *See, e.g., Roth v. Foris Ventures, LLC*, 86 F.4th 832, 838 (9th Cir. 2023). In any event, panel rehearing is warranted since the issue was entirely unaddressed by the memorandum disposition. Rehearing is particularly justified because the overall validity of the ERA was only

2

discussed in the answering and reply briefs. The panel's decision to reach the issue on the merits thus deprived Appellant of his right to file both an opening and a reply brief on the merits.

## II. The Panel Should Clarify Its Rationale

1. Reasoned opinions are an "effective check upon arbitrary judges"; they allow the public to evaluate the application and development of legal principles. Antonin Scalia, *The Rule of Law as a Law of Rules*, 56 U. CHI. L. REV. 1175, 1180 (1989); *see also* Patrick J. Bumatay, *The Value of Dissent*, 47 HARV. J.L. & PUB. POL'Y 75, 90 (2024) (noting that there is rarely a place for silence "when it comes to defending our Constitution."). Courts therefore strive mightily to explain their reasoning in cases that determine the rights of Americans, even if it leads to substantial challenges in opinion writing. Richard C. Tallman & Tania M. Culbertson, *An Unclassified Look at the Foreign Intelligence Surveillance Courts*, 48 LITIGATION 47, 50 (2022).

The validity of the Equal Rights Amendment is a question of substantial importance. Many ERA proponents believe that a valid 28th Amendment would "dedicate the nation to a new view of the rights" of men and women where individuals are judged on merit rather than on

3

inalterable circumstances of birth. Ruth B. Ginsburg, *The Need for the Equal Rights Amendment*, 59 ABA J. 1013, 1019 (1973). Others may see ERA adoption as "a shocking act of constitutional vandalism" that would destroy the rule of law. Stephen E. Sachs, *The Twelfth Amendment and the ERA* at 4, 93 U. CHI. L. REV. (forthcoming 2026). Under either view, a decision on the ERA's merits has far-reaching implications for our constitutional republic.

2. An explanation in this case is particularly necessary because the "context and the parties' prior arguments" do not make the panel's rationale clear. *Rita v. United States*, 551 U.S. 338, 356 (2007). The government raised several legally distinct arguments against the ERA's validity. These included the validity of the deadline as a "mode of ratification," the effectiveness of state rescissions, and the applicability of the political question doctrine. Dkt. 38 (Defs.' Mem. Supp. Summ. J.) at 11. The district court relied on the lack of publication as "convincing evidence [the ERA] does not now exist." ER-91. Respected members of the academy have argued that the prefatory texts of constitutional amendments are in fact part of the constitutional text, and not merely a "mode of ratification." Sachs, *supra*, at 4-6. Finally, some state

governments have argued that Article V itself imposes a judicially enforceable time limit on the ratification of the ERA.[1] The current panel opinion sheds no light on which of these arguments carried the day.

That matters. In *Rita*, the Supreme Court noted that reasoned criminal sentencing decisions—in addition to legitimizing the justice system—could inform the sentencing commission as it developed the advisory guidelines. 511 U.S. at 358. Likewise, a constitutional decision from this Court upholding Congressional deadlines, allowing state rescissions, or treating prefatory clauses as part of the Constitution would provide guidance to future Congresses, state legislatures, and courts. That guidance is only possible if these entities can discern the basis of this Court's holding.

3. A brief explanation is warranted even though the panel disposition is unpublished. Appellant does not dispute that a memorandum disposition can contain a perfunctory analysis of the issues in an appeal. As Judge Silverman has explained, memorandum dispositions keep a court from grinding to a halt by providing quick

---

[1] Brief for the States of Montana, Utah, Arkansas, Missouri, Oklahoma, South Carolina, and Texas as Amici Curiae in Support of Appellees at 10-13, *Illinois v. Ferriero*, 60 F.4th 704 (D.C. Cir. 2023).

5

results accompanied by "a reason" for the decision. Letter from Barry G. Silverman, United States Circuit Judge, Ninth Circuit, to Peter G. McCabe, Secretary of the Committee on Rules of Practice and Procedure (Dec. 17, 2003), *available at* https://www.uscourts.gov/file/15695/. However, the disposition in this case does not provide *any* rationale for the panel's conclusion that the 28th Amendment was improperly ratified. Adding a sentence explaining the high-level rationale for the panel's decision will neither overburden the court nor detract from the role of unpublished opinions.

The panel's level of analysis in other unpublished dispositions also supports further explanation. In this case, a conceded Fifth Amendment claim was given significantly more analysis than the heavily contested validity of the ERA. And in 42 of the 45 decisions issued by the panel on July 15th, a reason was given for the dismissal of every claim. The only exceptions were the ERA claims in this case, the due process claims of an enjoined vexatious litigant, and a request for "disability accommodations" in a lawsuit against Chief Judge Murguia.[2]

---

[2] *See* In re Sui, No. 24-2425, 2025 WL 2049065 (9th Cir. July 22, 2025); Murray v. DOJ, No. 25-2378 (9th Cir. July 25, 2025); *see also* Murray v. United States Dep't of Just., No. 6:25-CV-924-MC, 2025 WL 1993624

6

Finally, the panel's lack of explanation will not prevent litigants and courts from relying on its opinion. The first line in a recent government brief not only cited this Court's opinion but also specifically relied on the panel's lack of analysis.[3] Fourteen judges on this Court have also noted that "[o]ther courts reading our cases police the boundary between precedential and nonprecedential decisions less carefully than we might like." *Malone v. Williams*, 112 F.4th 867, 877 (9th Cir. 2024) (Bybee, J., dissenting). Litigants and courts will cite the panel's opinion no matter what. A fuller explanation of why the panel ruled against the ERA will thus only conserve judicial resources and foster development of the law.

The "brevity or length, conciseness or detail, when to write, [and] what to say" in an opinion are left to the panel's professional judgment. *Rita*, 551 U.S. at 339. The panel ought to exercise its discretion here to

---

(D. Or. July 17, 2025) (finding that an appeal of related claims would be frivolous).

[3] Reply in Support of Defs.' Mot. to Dismiss at 1, Equal Means Equal v. Ferriero, No. 1:25-cv-10806 (D. Mass. Aug. 18, 2025); *see also Unpublished Decisions and Precedent Shaping: A Case Study of Asylum Claims*, 31 GEO. IMMIGR. L.J. 1, 44 (2016) ("Unpublished dispositions are ostensibly more palatable because, if nothing else, they purportedly apply well-delineated and settled law.").

7

add a sentence to its opinion explaining why the Equal Rights Amendment is not the 28th Amendment.

## CONCLUSION

The panel should address the arguments raised in Appellant's opening brief and (if it reaches the merits) amend its opinion to include the basis for its ruling against the Equal Rights Amendment.

Date: Thursday, August 28, 2025

Vikram Valame
*/s/ Vikram Valame*
Pro Se

8

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 11. Certificate of Compliance for Petitions for Rehearing/Responses**

*Instructions for this form:* *https://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** 24-369

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is *(select one)*:

(●) Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words:** 1480.
*(Petitions and responses must not exceed 4,200 words)*

**OR**

( ) In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** s/Vikram Valame    **Date** 08/28/2025
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 11    Rev. 12/01/24

**FILED**

**NOT FOR PUBLICATION**

JUL 17 2025

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIKRAM VALAME, | No. 24-369 |
| Plaintiff - Appellant, | D.C. No. 5:23-cv-03018-NC |
| v. | MEMORANDUM* |
| DONALD J. TRUMP; CRAIG T. BROWN; JOEL C. SPANGENBERG; STEVEN L. KETT; UNITED STATES OF AMERICA, Selective Service System; ISMAIL RAMSEY, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding**

Submitted July 15, 2025***

Before:    SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

     ***   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Vikram Valame appeals pro se from the district court's judgment dismissing his action challenging the constitutionality of the Military Selective Service Act ("MSSA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016). We affirm.

The district court properly dismissed Valame's action because Valame failed to allege facts sufficient to state any plausible claim. *See Rostker v. Goldberg*, 453 U.S. 57, 83 (1981) (rejecting the argument that the MSSA is unconstitutional under the Fifth Amendment); *Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015) (explaining that "we do not engage in anticipatory overruling of Supreme Court precedent"); *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (explaining that dismissal "under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory"). We reject as meritless Valame's contention that the Equal Rights Amendment was ratified as the Twenty-Eighth Amendment to the Constitution.

All pending motions and requests are denied.

**AFFIRMED.**