September 15, 2025

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939
(415) 355-8000

      Re: *Valame v. Trump et al.*, Case No. 24-369

Ms. Dwyer,

      Pursuant to Circuit Rule 36-4, Appellant Vikram Valame requests that this Court publish its memorandum disposition in the above-captioned case, filed July 17, 2025. (Senior Circuit Judges Silverman and Tallman, and Circuit Judge Bumatay). The opinion "[e]stablishes, alters, modifies or clarifies a rule of federal law," Cir. R. 36-2(a), and "[i]nvolves a legal or factual issue of unique interest or substantial public importance." Cir. R. 36-2(d).

      The memorandum is the "first federal appellate ruling that squarely decides the […] claim that the Equal Rights Amendment has been duly ratified."[1] Therefore, it necessarily establishes—or at least clarifies—a rule of federal law within the Ninth Circuit. The ruling particularly clarifies the law because eight of the nine states within the Ninth Circuit have ratified the ERA, and several of those states defended the amendment before the D.C. Circuit in *Illinois v. Ferriero*. By nullifying their ratifications, the Court established a new legal rule.

      The panel disposition also involves an issue of "unique interest" and "substantial public importance." As explained above, the panel's opinion is "unique" as the first appellate decision squarely rejecting the ERA. The issue is also important—so important that it has already triggered extended consideration by apex institutions in all three branches of the federal government. *See, e.g.*, *National Org. for Women Inc. v. Idaho*, 459 U.S. 809 (1982); The White House, *Statement from President Joe Biden on the Equal Rights Amendment* (Jan. 17, 2025), *available at* https://perma.cc/3QVEBS4A (concluding that the ERA is the 28th Amendment); H.R.J. Res. 17, 117th Cong. (2021) (resolution passed by the House recognizing the ERA as valid); S.J. Res. 1, 117th Cong. (2021) (resolution sponsored by a majority of senators recognizing the ERA as valid). Given the serious attention devoted to the ERA, the panel's opinion easily clears the publication threshold established by Circuit Rule 36-2(d).

      Accordingly, pursuant to Circuit Rule 36-4, the memorandum should be published.

                                                                                 Respectfully submitted,

                                                                               *Vikram Valame*

                                                                               Vikram Valame

---

[1] Ed Whelan, *Ninth Circuit Rejects 'Meritless' Claim that ERA Is Part of Constitution*, NATIONAL REVIEW (July 21, 2025), https://www.nationalreview.com/bench-memos/ninth-circuit-rejects-meritless-claim-that-era-is-part-of-constitution/ (derogatory language omitted).