**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIKRAM VALAME, | No. 24-369 |
| *Plaintiff - Appellant,* | D.C. No. 5:23-cv-03018-NC |
| v. | |
| DONALD J. TRUMP; CRAIG T. BROWN; JOEL C. SPANGENBERG; STEVEN L. KETT; UNITED STATES OF AMERICA, Selective Service System; ISMAIL RAMSEY, | ORDER AND OPINION |
| *Defendants - Appellees.* | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding[*]

Submitted July 15, 2025[**]

Filed November 4, 2025

---

[*] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: Barry G. Silverman, Richard C. Tallman, and
Patrick J. Bumatay, Circuit Judges.

Order;
Per Curiam Opinion

## SUMMARY***

### Military Selective Service Act

The panel affirmed the district court's judgment
dismissing for failure to state a claim an action brought by
Vikram Valame challenging the constitutionality of the
Military Selective Service Act ("MSSA").

The panel rejected Valame's allegation that the MSSA's
requirement that men, but not women, register with the
Selective Service System violates his rights under the Equal
Rights Amendment ("ERA"), which Valame contends was
ratified as the Twenty-Eighth Amendment to the
Constitution. The panel noted that the ERA was not ratified
by three-fourths of the States prior to the deadline set by
Congress and the Archivist of the United States did not
publish or certify the ERA. Therefore, the district court
properly dismissed Valame's claims under the ERA for
failure to state a plausible claim.

The panel held that the district court also properly
dismissed, as foreclosed by binding Supreme Court

---

*** This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

precedent, Valame's Fifth Amendment claims challenging the MSSA's male-only registration requirement.

---

## COUNSEL

Vikram Valame, Pro Se, Palo Alto, California, for Plaintiff-Appellant.

Michael S. Raab, Thomas G. Pulham, and Simon C. Brewer, Attorneys, Appellate Staff; Michael J. Gerardi, Senior Trial Counsel, Federal Programs Branch; Ismail J. Ramsey, United States Attorney, Civil Division; Brian M. Boynton, Principal Deputy Assistant Attorney General; United States Department of Justice, Washington, D.C.; for Defendants-Appellees.

---

## ORDER

The petition (Docket Entry No. 46) for panel rehearing is denied.

The request (Docket Entry No. 47) for publication is granted.

The memorandum disposition filed on July 17, 2025, is withdrawn. A replacement opinion will be filed concurrently with this order.

No further petitions for rehearing will be entertained in this closed case.

4                           VALAME V. TRUMP

## OPINION

**PER CURIAM:**

Vikram Valame appeals pro se from the district court's judgment dismissing his action challenging the constitutionality of the Military Selective Service Act ("MSSA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016). We affirm.

Valame alleges that the MSSA's requirement that men, but not women, register with the Selective Service System violates his rights under the Equal Rights Amendment ("ERA"), which Valame contends was ratified as the Twenty-Eighth Amendment to the Constitution. However, the ERA was not ratified by three-fourths of the States prior to the deadline set by Congress, June 30, 1982, and the Archivist of the United States did not publish or certify the ERA. *See Illinois v. Ferriero*, 60 F.4th 704, 710-13 (D.C. Cir. 2023). Therefore, the district court properly dismissed Valame's claims under the ERA for failure to state a plausible claim. *See Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (explaining that dismissal "under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory").

The district court also properly dismissed as foreclosed by binding Supreme Court precedent Valame's Fifth Amendment claims challenging the MSSA's male-only registration requirement. *See Rostker v. Goldberg*, 453 U.S. 57, 83 (1981) (upholding the MSSA's gender-based registration requirement against a Fifth Amendment

challenge); *Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015) (explaining that "we do not engage in anticipatory overruling of Supreme Court precedent").

All pending motions and requests are denied.

**AFFIRMED.**